IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United Energy Distributors, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:07-3234-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Rankin-Patterson Oil Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Rankin-Patterson Oil Company, Inc.'s ("Rankin-Patterson") motion to dismiss or, in the alternative, to transfer the case to the United States District Court for the Western District of North Carolina. For the reasons stated below, the court denies Rankin-Patterson's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rankin-Patterson is a North Carolina corporation with its principal place of business in Buncombe County, North Carolina. (Def.'s Mem. Supp. Mot. Dismiss 1.) Rankin-Patterson is an "oil jobber" and is in the business of purchasing petroleum products from refiners and wholesale distributors and reselling the products to retail outlets. (Id.) United Energy Distributors, Inc. ("United Energy") is a South Carolina corporation with its principal place of business in Aiken, South Carolina. (Pl.'s Mem. Opp'n Mot Dismiss 1.) United Energy is a wholesale distributor of motor fuels and other refined petroleum products. (Id.)

On March 1, 2004, Rankin-Patterson and United Energy entered into an agreement titled "Motor Fuel Supply Agreement" ("MFSA") whereby Rankin-Patterson agreed to purchase

1

certain volumes of motor fuels from the Plaintiff at specified prices.  (Id. 2.)  On February 17,

2006, Rankin-Patterson and United Energy entered into a "Confidentiality Agreement"

("Confidentiality Agreement").  (Id.)  Rankin-Patterson alleges that the parties entered into this

agreement because United Energy was considering purchasing Rankin-Patterson's assets.  (Def.'s

Mem. Supp. Mot. Dismiss 2.)

On July 12, 2007, Rankin-Patterson filed a complaint against United Energy in the

Superior Court of Buncombe County, North Carolina, alleging that United Energy violated the

Confidentiality Agreement.  (Pl.'s Mem. Opp'n Mot. Dismiss 2.)  United Energy removed that

action to the United States District Court for the Western District of North Carolina on July 13,

2007 ("North Carolina action").  United Energy filed the complaint against Rankin-Patterson in

the instant case on September 25, 2007, alleging that Rankin-Patterson breached the MFSA by

unilaterally terminating the agreement in violation of its terms on August 3, 2007.  (Compl.

¶ 27.)  On November 13, 2007, Rankin-Patterson filed the instant motion to dismiss or, in the

alternative, to transfer the case to the Western District of North Carolina.

## II. Discussion of the Law

### A. Motion to Dismiss Pursuant to the First-to-File Rule

Rankin-Patterson moves to dismiss the instant action pursuant to the first-to-file rule.

(Def.'s Mem. Supp. Mot. Dismiss 3.)

> The first-to-file rule states that in all cases of federal concurrent jurisdiction, the
> court which first has possession of the subject must decide it.  The policy
> underlying the first-to-file rule is the avoidance of duplicative litigation and the
> conservation of judicial resources.

Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal

quotation marks and citations omitted).  In determining whether the actions are duplicative, "the

court must look for differences in issues, parties, and relief sought in both complaints."  Motley Rice, LLC v. Baldwin & Baldwin, LLP, 2:07-01368-PMD, 2007 WL 3084566, at *8 ( D.S.C.  July 30, 2007).  "For purposes of the first-to-file rule, the actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties."  Byerson, 467 F. Supp. 2d at 635-36.

The court finds that for purposes of the first-to-file rule, the instant action and the North Carolina action are not duplicative.  The parties in the two actions are substantially the same, with the addition of Patterson-Unruh Corporation ("Patterson-Unruh") in the North Carolina action.  However, the issues and relief sought are not sufficiently similar to warrant dismissal of the instant case.  In the North Carolina action, Rankin-Patterson and Patterson-Unruh allege that United Energy breached the Confidentiality Agreement and used confidential information to solicit Rankin-Patterson's customers.  (Def.'s Mem. Supp. Mot. Dismiss Ex. 1 (North Carolina Complaint, generally).)  In contrast, the central issues of the instant action involve the parties' obligations arising under the MFSA.  (Compl., generally.)  In addition, Rankin-Patterson is seeking injunctive relief in the North Carolina action, while United Energy seeks only damages, attorneys' fees, and costs in the instant action.  Based on the foregoing, the court denies Rankin-Patterson's motion to dismiss pursuant to the first-to-file rule because the instant action and the North Carolina action are not duplicative.

### B.  Motion to Transfer

In the alternative, Rankin-Patterson moves to transfer the case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) (2006).  Section 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Id. In a § 1404(a) analysis, a plaintiff's choice of forum is given weight when the plaintiff's choice of forum has a substantial connection with the controversy. Milliken & Co. v. Fed. Trade Comm'n, 565 F. Supp. 511, 517 (D.S.C. 1983).

### 1. Convenience of the Parties and Witnesses

The first factor, the convenience of the parties and witnesses, favors neither South Carolina nor North Carolina. Numerous potential witnesses live in each state. Further, United Energy's principal place of business is South Carolina, and Rankin-Patterson's principal place of business is North Carolina. (Compl. ¶¶ 3-4.) With respect to the evidence in the case, each party has business records and other relevant evidence in each state. (Def.'s Mem. Supp. Mot. Dismiss 11; Pl.'s Mem. Opp'n Mot. Dismiss 11-12.) A transfer of venue is inappropriate if the transfer merely shifts the burdens of litigation from one party to the other. DeLay & Daniels, Inc. v. Allen M. Campbell Co., Gen. Contractors, Inc., 71 F.R.D. 368, 372 (D.S.C. 1976). A transfer that merely shifts the balance of convenience is especially inappropriate in the case at bar because South Carolina has a substantial connection to the controversy such that the plaintiff's choice of forum should be given weight. Milliken & Co., 565 F. Supp. at 517.

Rankin-Patterson also argues that the owners and managers of its petroleum retail outlets are non-party witnesses residing in North Carolina, who cannot be compelled to testify in South

4

Carolina. (Def.'s Mem. Supp. Mot. Dismiss 11.) However, United Energy asserts that the issue of whether Rankin-Patterson breached the MFSA does not involve or concern the owners and managers of Rankin-Patterson's retail outlets. (Pl.'s Mem. Opp'n Mot. Dismiss 11.) Further, Rankin-Patterson does not allege that these non-party witnesses would be unwilling to testify. Therefore, this factor does not weigh in favor of transferring the case to the Western District of North Carolina.

## 2. In the Interests of Justice

There are numerous factors that the court may consider in weighing whether the interests of justice warrant a transfer, including "[t]he ease of access to sources of proof, the availability of compulsory process, the costs and practical problems of litigation, and the state of the respective trial calenders" of the districts being considered. Fairchild Semiconductor Corp. v. Nintendo Co., 810 F. Supp. 173, 175 (D.S.C. 1992). Further, the court must consider "public-interest factors of systemic integrity and fairness." Stewart Org., Inc., 487 U.S. at 30.

Rankin-Patterson asserts that a trial in North Carolina would be preferable to one in South Carolina because of the pending North Carolina action and because North Carolina law will apply to the interpretation of the MFSA and the Confidentiality Agreement. In addition, Rankin-Patterson asserts that it has a strong interest in resolving the dispute in its home district. However, as a resident of South Carolina, United Energy has an interest in resolving the dispute in its home district. Further, as discussed above, the pending North Carolina action is not duplicative of the instant case. In light of the absence of any other factors counseling in favor of transfer, Rankin-Patterson has not shown that the plaintiff's choice of forum should be

5

disregarded.  Based upon the foregoing, Rankin-Patterson's motion to transfer venue to the Western District of North Carolina is denied.

### C. Rule 12(b)(6) Motion to Dismiss

Finally, Rankin-Patterson moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief."  Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  Furthermore, the court must treat the factual allegations of the nonmoving party as true.  See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### 1. Breach of Contract Claim

Under South Carolina law, to recover for a breach of contract, a plaintiff must allege and prove: (1) a contract entered into by the parties; (2) breach; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach.  See Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962).  In its complaint, United Energy alleges that it entered into a contract with Rankin-Patterson whereby United Energy agreed to provide and Rankin-Patterson agreed to purchase certain volumes of motor fuels at a specified price.  (Compl. ¶ 33.) According to United Energy, Rankin-Patterson breached the contract by failing to purchase any motor fuels from United Energy after August 3, 2007.  (Id. ¶ 34.)  Finally, United Energy alleges that it suffered damages as a result of Rankin-Patterson's breach of the MFSA.  (Id. ¶ 15.)  At

this stage and taking the facts of the complaint as true, United Energy's allegations are sufficient to state a claim for which relief can be granted. Therefore, Rankin-Patterson's motion to dismiss United Energy's breach of contract claim is denied.

### 2. Unfair Trade Practices Claim

To maintain a private cause of action under the South Carolina Unfair Trade Practices Act ("SCUTPA"), a plaintiff must establish: "(1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 579 (D.S.C. 2003). To meet this burden regarding the third element, United Energy "must establish, by specific facts, that members of the public were adversely affected by" Rankin-Patterson's actions. Id. at 584.

Rankin-Patterson contends that United Energy fails to demonstrate an adverse impact upon the public. (Def.'s Mem. Supp. Mot. Dismiss 8-9.) United Energy asserts that Rankin-Patterson violated SCUTPA, S.C. Code Ann. § 39-5-10 et seq., by interfering with United Energy's efforts to change fuel suppliers without interrupting the fuel supply to the public. (Pl.'s Mem. Opp'n Mot. Dismiss 16.) According to United Energy, "[o]bviously the market for motor fuels directly impacts the automobile-driving public . . . ." (Id. 17.) In addition, United Energy alleges that Rankin-Patterson's acts are capable of repetition. (Compl. ¶ 40.); see Daisy Outdoor Adver. Co. v. Abbott, 473 S.E.2d 47, 49 (S.C. 1996) (holding that a plaintiff who alleges and proves "the potential for repetition of a defendant's actions satisfies the public interest requirement . . . .").

Based on the allegations in the complaint, it cannot be said that United Energy can prove no set of facts which would support a finding that Rankin-Patterson's actions had an adverse impact on the public interest.  Therefore, Rankin-Patterson's motion to dismiss United Energy's SCUTPA claim is denied.  Based on the foregoing, Rankin-Patterson's motion to dismiss is denied.

It is therefore

**ORDERED** that Rankin-Patterson's motion to dismiss or, in the alternative, motion to transfer, docket number 9, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 20, 2007